1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| CATHERINE D. LACY, | Case No. CV 15-922 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER OF REMAND |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

18   **I.     SUMMARY**

19         On February 9, 2015, Catherine D. Lacy ("plaintiff") filed a Complaint

20   seeking review of the Commissioner of Social Security's denial of plaintiff's

21   applications for benefits.  The parties have consented to proceed before the

22   undersigned United States Magistrate Judge.

23         This matter is before the Court on the parties' cross motions for summary

24   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25   Court has taken both motions under submission without oral argument.  See Fed.

26   R. Civ. P. 78; L.R. 7-15; February 10, 2015 Case Management Order ¶ 5.

27   ///

28   ///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4  **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On September 19, 2012, plaintiff filed applications for Supplemental

7    Security Income and Disability Insurance Benefits.  (Administrative Record

8    ("AR") 24, 181, 188).  Plaintiff asserted that she became disabled on May 1, 2011,

9    due to left ankle injury, stage two cervical cancer, and bipolar disorder (AR 217).

10   The ALJ examined the medical record and heard testimony from plaintiff (who

11   was not represented) and a vocational expert on August 25, 2014.  (AR 42-68).

12   On October 9, 2014, the ALJ determined that plaintiff was not disabled

13   through the date of the decision.  (AR 24-33).  Specifically, the ALJ found:

14   (1) plaintiff suffered from the following severe impairments:   major depressive

15   disorder, generalized anxiety disorder, dysthymic disorder, and status post revision

16   of a left ankle fracture and tears of the posterior tibial tendon and peroneus longus

17   tendon of the distal fibula (AR 26); (2) plaintiff's impairments, considered singly

18   or in combination, did not meet or medically equal a listed impairment (AR 27);

19   (3) plaintiff essentially retained the residual functional capacity to perform

20   sedentary work (20 C.F.R. §§ 404.1567(a), 416.967(a)) with additional

21   limitations[1] (AR 28, 29); (4) plaintiff was unable to perform any past relevant

22   work (AR 31); and (5) there are jobs that exist in significant numbers in the

23   ///

24   ///

25   

26   [1]The ALJ determined that plaintiff:  (i) could lift and carry 10 pounds occasionally and 10
27   pounds frequently; (ii) could stand and walk 2 hours or sit 6 hours of an 8 hour day; (iii) could
     occasionally climb, balance, stoop, kneel, crouch, and crawl; and (iv) was limited to jobs
28   involving simple repetitive tasks.  (AR 28).

1 national economy that plaintiff could perform, specifically addresser, order clerk,
2 and tube operator (AR 31-32).

3    The Appeals Council denied plaintiff's application for review.  (AR 5).

4 **III.    APPLICABLE LEGAL STANDARDS**

5    **A.    Sequential Evaluation Process**

6    To qualify for disability benefits, a claimant must show that the claimant is
7 unable "to engage in any substantial gainful activity by reason of any medically
8 determinable physical or mental impairment which can be expected to result in
9 death or which has lasted or can be expected to last for a continuous period of not
10 less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)
11 (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The
12 impairment must render the claimant incapable of performing the work the
13 claimant previously performed and incapable of performing any other substantial
14 gainful employment that exists in the national economy.  Tackett v. Apfel, 180
15 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

16    In assessing whether a claimant is disabled, an ALJ is to follow a five-step
17 sequential evaluation process:

18    (1)    Is the claimant presently engaged in substantial gainful activity?  If
19        so, the claimant is not disabled.  If not, proceed to step two.

20    (2)    Is the claimant's alleged impairment sufficiently severe to limit
21        the claimant's ability to work?  If not, the claimant is not
22        disabled.  If so, proceed to step three.

23    (3)    Does the claimant's impairment, or combination of
24        impairments, meet or equal an impairment listed in 20 C.F.R.
25        Part 404, Subpart P, Appendix 1?  If so, the claimant is
26        disabled.  If not, proceed to step four.

27 ///
28 ///

3

(4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.**    **Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision, and the decision may not be affirmed on a ground upon which the ALJ did not rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but

1   less than a preponderance.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Young v. Sullivan</u>,
2   911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence
3   supports a finding, a court must "'consider the record as a whole, weighing both
4   evidence that supports and evidence that detracts from the [Commissioner's]
5   conclusion.'"  <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001)
6   (quoting <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993)).  A denial of benefits
7   must be upheld if the evidence could reasonably support either affirming or
8   reversing the ALJ's decision.  <u>Robbins</u>, 466 F.3d at 882 (a court may not
9   substitute its judgment for that of the ALJ) (citing <u>Flaten</u>, 44 F.3d at 1457); <u>see</u>
10  <u>also</u> <u>Molina</u>, 674 F.3d at 1111 ("Even when the evidence is susceptible to more
11  than one rational interpretation, we must uphold the ALJ's findings if they are
12  supported by inferences reasonably drawn from the record.") (citation omitted).

13       Even when an ALJ's decision contains error, it must still be affirmed if the
14  error was harmless.  <u>Treichler v. Commissioner of Social Security Administration</u>,
15  775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was
16  inconsequential to the ultimate nondisability determination; or (2) the ALJ's path
17  may reasonably be discerned, even if the ALJ explains the ALJ's decision with
18  less than ideal clarity.  <u>Id.</u> (citation, quotation marks, and internal quotations
19  marks omitted).

20       A reviewing court may not make independent findings based on the
21  evidence before the ALJ to conclude that the ALJ's error was harmless.
22  <u>Brown-Hunter v. Colvin</u>, __ F.3d __, 2015 WL 6684997, *4 (9th Cir. Nov. 3,
23  2015) (citations omitted); <u>see also</u> <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1172 (9th Cir.
24  2015) (district court may not use harmless error analysis to affirm decision on
25  ground not invoked by ALJ) (citation omitted).  Where a reviewing court cannot
26  confidently conclude that an error was harmless, a remand for additional
27  investigation or explanation is generally appropriate.  See <u>Marsh</u>, 792 F.3d at 1173
28  (remanding for additional explanation where ALJ ignored treating doctor's

5

1  opinion and court not could not confidently conclude ALJ's error was harmless);

2  Treichler, 775 F.3d at 1099-1102 (where agency errs in reaching decision to deny

3  benefits and error is not harmless, remand for additional investigation or

4  explanation ordinarily appropriate).

5  **IV.   DISCUSSION**

6        Plaintiff contends that the ALJ inadequately evaluated the credibility of her

7  subjective complaints.  (Plaintiff's Motion at 5-11).  The Court agrees.  As the

8  Court cannot find the ALJ's error harmless, a remand is warranted.

9        **A.   Pertinent Background**

10        At the hearing plaintiff testified, in pertinent part, to the following:  In or

11  about 2011 she fell and hurt her foot.  (AR 53).  Plaintiff has "a shooting, sharp,

12  burning pain" in her ankle.  (AR 62).  Despite two surgeries, plaintiff's ankle "still

13  hurts," and doctors said she was going to need additional ankle surgery.  (AR 54,

14  61-62).  Plaintiff does not walk well and is unable to "stand very long" (only about

15  20-30 minutes at a time) because her "legs [] swell up," which hurts "really bad."

16  (AR 53-54, 56).  Plaintiff was able to walk into the hearing after being dropped

17  off, but that caused her pain.  (AR 56).  Plaintiff usually uses a cane, although she

18  did not have it with her at the hearing because it was locked in the apartment from

19  which she and her family were evicted.  (AR 53, 56).  Doctors instructed plaintiff

20  to use the cane "at all times" because plaintiff would fall "a lot."  (AR 55-56).

21  Since the accident, plaintiff has taken "a lot of medication" including hydrocodone

22  and gabapentin (AR 53).  Plaintiff had a "bad reaction" to some of her medication.

23  (AR 53-54).  Plaintiff has "a really bad nerve condition" and had been hospitalized

24  for her nerves "10 times in . . . three years."  (AR 53, 57, 59-60).  She "can't

25  concentrate very well," "can't focus," is "real nervous," is "not very good with

26  people," and experienced visual hallucinations (including on the morning of the

27  hearing).  (AR 55, 58-59).

28  ///

6

In a Function Report dated August 2, 2013, plaintiff stated, among other things, that she was very depressed and nervous; "can't focus"; "can't put hardly any pressure [on her] ankle"; could only walk to the car or an appointment and needed to stop and rest for one hour before she was able to resume walking; could pay attention for "30 minutes"; had been "fired or laid off from a job because of problems getting along with other people"; had problems with completing tasks, concentration, and getting along with others; was "very forgetful"; would lose her balance and fall a lot; had a poor short term memory; and liked to be alone. (AR 277-84).

The ALJ acknowledged in the decision that Social Security regulations required him to follow a "two-step" process to evaluate plaintiff's subjective complaints. (AR 28). Nonetheless, the decision does not specifically state whether the ALJ had, as part of such process, found "an underlying medically determinable physical or mental impairment[] . . . that could reasonably be expected to produce [plaintiff's] pain or other symptoms"; nor does the decision clearly address the credibility of any specific subjective complaint the ALJ found "not substantiated by objective medical evidence[.]" (See AR 28-29).

### B.   Pertinent Law

When a claimant provides "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged," and there has not been a finding of malingering, the ALJ may discount the credibility of the claimant's subjective complaints only by "offering specific, clear and convincing reasons for doing so." Brown-Hunter, ___ F.3d ___, 2015 WL 6684997, at *5 (citation and internal quotation marks omitted). This requirement is very difficult to meet. See Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and internal quotation marks omitted). An ALJ must specify the testimony he or she finds not credible, provide "clear and

7

1   convincing reasons" why the particular testimony lacks credibility, and identify

2   the specific evidence which undermines the claimant's subjective complaints.

3   See, e.g., Brown-Hunter, ___ F.3d ___, 2015 WL 6684997, at *1, *5-*6 (legal error

4   where ALJ failed to identify claimant's testimony found not credible and failed to

5   "link that testimony to the particular parts of the record supporting her

6   non-credibility determination").

7         An ALJ's credibility determination must be specific enough to permit a

8   reviewing court to conclude that the ALJ did not arbitrarily discredit the

9   claimant's subjective complaints.  Id. at *5 (citation and quotation marks omitted).

10  "General findings are insufficient[.]"  Id. (citations and quotation marks omitted).

11  Nonetheless, if the ALJ's interpretation of the claimant's testimony is reasonable

12  and is supported by substantial evidence, it is not the court's role to

13  "second-guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)

14  (citation omitted); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)

15  (Evaluation of a claimant's credibility and resolution of conflicts in the testimony

16  are solely functions of the Commissioner.) (citation omitted).

17        **C.    Analysis**

18        First, although the ALJ stated that he had generally "considered all

19  symptoms and the extent to which [those] symptoms can reasonably be accepted

20  as consistent with the objective medical evidence," as noted above, the decision

21  does not sufficiently address the credibility of any specific symptom testimony to

22  the extent it was not supported by such evidence.  (AR 28-29)  For example, the

23  ALJ found "that [plaintiff's] hearing description of left ankle pain and [] difficulty

24  walking support a limitation to sedentary exertion," that plaintiff's mother's

25  statements that plaintiff had "left ankle pain and falls with significant standing"

26  was "generally consistent with the sedentary and other functional limitations [the

27  ALJ] adopted," and that "sedentary functional restrictions also accommodate any

28  lower extremity swelling that [plaintiff] reported with working more than 2 hours

since it [sic] allows significant sitting to offset any standing activity." (AR 29) (citing Exhibit 9F at 1 [AR 690]). Such conclusory assertions do not appear to account for all of plaintiff's subjective complaints (*e.g.*, that after walking to a car or an appointment plaintiff needed to stop and rest for an one hour before she could continue walking), much less provide a clear and convincing reason for discounting the credibility of such testimony to the extent the ALJ rejected it. Similarly, the ALJ stated that he had given "some consideration to [plaintiff's] mental symptoms" by limiting plaintiff to "simple routine activities" (as the state agency reviewing physician had found) (AR 31), but the ALJ did not identify which specific mental symptoms he deemed it appropriate not to account for in plaintiff's mental residual functional capacity assessment, why he deemed it appropriate not to account for such symptoms, and the specific evidence in the record which supported doing so.

Second, to the extent, as defendant contends, the ALJ discounted plaintiff's credibility due to lack of objective medical evidence to support the alleged severity of plaintiff's subjective complaints (Defendant's Motion at 3-7; see AR 29 ["laboratory testing show no abnormalities[] which reasonably explain the severity of pain alleged"]), since the ALJ did not provide any other valid reason for discounting plaintiff's credibility, this reason, without more, is insufficient to discount plaintiff's credibility. See Burch, 400 F.3d at 681 (Lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony.).

Finally, since the ALJ's reasons for discrediting plaintiff's subjective complaints were not sufficiently specific, the Court is unable to conduct a meaningful review of the ALJ's credibility determination, and thus cannot conclude that the ALJ's error was harmless. Cf., e.g., Brown-Hunter, __ F.3d __, 2015 WL 6684997, at *4 (where ALJ fails to specify reasons for finding claimant testimony not credible, "[ALJ's] error will usually not be harmless" because

affirming the ALJ's credibility decision would improperly require a reviewing court to rely on a ground not invoked by the ALJ or to speculate about possible grounds for the ALJ's conclusions) (citing Treichler, 775 F.3d at 1103). Moreover, the vocational expert's testimony suggests that there would be no work available if plaintiff, or a hypothetical individual with the same characteristics as plaintiff, had mental symptoms as severe as plaintiff alleged.  (AR 66-68).  Thus the Court cannot conclude that any error in failing properly to account for all of plaintiff's symptoms was inconsequential to the ALJ's ultimate nondisability determination.

## V.   CONCLUSION[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   November 20, 2015

_____
/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[3]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted); see also Connett, 340 F.3d at 876 (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).